| | |
|---|---|
| 1 | PAUL J. LEEDS (Bar No. 214309) |
| | HIGGS, FLETCHER & MACK LLP |
| 2 | 401 West "A" Street, Suite 2600 |
| | San Diego, CA 92101-7913 |
| 3 | TEL: 619.236.1551 |
| | FAX: 619.696.1410 |
| 4 | |
| | Attorneys for Defendants |
| 5 | JOHN MORRELL, PAUL LEEDS, and |
| | HIGGS, FLETCHER & MACK, LLP |

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | CASE NO. 02-03303-JH |
| JOHN A. HARBIN, | **ADVERSARY NO. 10-90239-LT** |
| Debtor. | |
| JOHN A. HARBIN, | **DEFENDANTS JOHN MORRELL, PAUL LEEDS, AND HIGGS, FLETCHER & MACK LLP'S MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES, AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF** |
| Plaintiff, | |
| v. | |
| JOHN MORRELL, an individual; PAUL LEEDS, an individual; HIGGS, FLETCHER & MACK, LLP, and DOES 1 through 100, inclusive, | **Fed. R. Bankr. P. Rule 7012(b)(6)** |
| | Date: July 20, 2010 |
| Defendants. | Time: 2:00 p.m. |
| | Judge: Hon. Laura S. Taylor |
| | Courtroom: 3 |

Defendants John Morrell, Paul Leeds, and Higgs, Fletcher & Mack, LLP ("Defendants") hereby move this Court for an order dismissing the complaint of John A. Harbin pursuant to FRBP 7012(b)(6).

Defendants bring this motion grounds that: (1) Debtor has no standing to bring this action, (2) Debtor's claims- and those of the bankruptcy estate- are barred by the doctrine of *res judicata*, and (3) Debtor fails to state a claim for which relief can be granted.

HIGGS, FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

961667.1

*Adversary No. 10-90239-LT*
*Case No. 02-03303-JH*
*MOTION TO DISMISS*

## I. REQUEST FOR JUDICIAL NOTICE

In considering a motion to dismiss made pursuant to Rule 12(b)(6), a court must consider the entire complaint, and may consider those matters of which it may take judicial notice, including public records and proceedings in its own docket. *Tellab, Inc. v. Makor Issues and Rights, Ltd.*, 551 U.S. 308 322 (2007). Accordingly, Defendant requests that this Court take judicial notice of the following, as set forth in this Court's docket in Case No. 02-03303-LT-7.

## II. FACTS

1.  On April 3, 2002, Plaintiff John A. Harbin filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). In that proceeding, he was represented by attorney James Beshears.[1] [Doc. No. 1.]

2.  The case was converted to a case under Chapter 11 on August 13, 2002. [Doc. No. 76.] On August 29, 2003, this Court entered its order approving the employment of HF&M as general bankruptcy counsel for John Harbin as debtor-in-possession of this bankruptcy estate. [Doc. No. 100]

3.  The Debtor's Second Amended Plan of Reorganization was confirmed by this Court in its order dated December 23, 2003. [Doc. No. 380.] On May 8, 2007, the order confirming the plan was vacated by a split decision of the Ninth Circuit panel, on grounds that the Bankruptcy Court should have considered the possibility that Sherman would prevail on appeal when considering the feasibility of the plan.

4.  The Debtor voluntarily converted the bankruptcy case back to Chapter 7 on October 22, 2008. [Doc. No. 571]

5.  On October 30, 2009 Debtor filed an action in the Superior Court of the State of California in and for the County of San Diego, entitled *John A. Harbin v. John Morrell, an individual; Paul Leeds, an individual; Higgs, Fletcher and Mack, LLP; and Does 1 through 100* as Case No. 37-2009-00101399-CU-PN-CTL. [Adv. Doc. No. 1.][2]

---

[1] All references to "Doc. No. __" hereafter refer to the docket number assigned to the pleading in Case No. 02-03303-LT7.
[2] All references to "Adv. Doc. No. __" hereafter refer to the docket number assigned to the pleading in Adversary Case No. 10-90239-LT.

HIGGS, FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO
961667.1
2
Adversary No. 10-90239-LT
Case No. 02-03303-JH
MOTION TO DISMISS

6. Harbin's complaint is predicated entirely upon the Defendants' representation of Harbin as a Debtor-in-Possession in the Chapter 11 case of John Harbin, U.S.B.C. Case No. 02-03303. [Adv. Doc. No. 1.]

7. Harbin's complaint alleges that Defendants "failed to exercise reasonable care, skill, and diligence in their performance of legal services for Plaintiffs (sic) with respect to the following matters: A. In re Harbin, Case No. 02-03303-JH, now renamed 02-03303-LT. B. In re Harbin, Ninth Circuit Court of Appeals." [Adv. Doc. No. 1.]

8. The complaint alleges that Defendants represented to Harbin that he would retain ownership of his residence, and that the claim of Jeffrey Sherman would have no effect on the retention of his personal residence in bankruptcy. The complaint alleges that based upon these representations, Harbin "agreed to file for bankruptcy under Chapter 11" and paid $349,000 in administrative expenses. [Adv. Doc. No. 1.]

9. The complaint alleges that Sherman was ultimately successful on appeal, and that Sherman's success ultimately required Harbin to convert his case back to Chapter 7. The complaint does not allege a single fact comprising a negligent act by any Defendant. [Adv. Doc. No. 1.]

10. On January 29, 2010, the Debtor filed an amendment to his statements and schedules admitting that the claim herein is property of his bankruptcy estate. [Doc. No. 662.]

11. On February 28, 2010, Defendants filed and served their Second and Final Application for Approval of Fees and Costs. [Doc. No. 668.] One party, Jeffrey Sherman, objected to the Fee Application. [Doc. No. 674.] The objection was heard on March 17, 2010, and resolved by the court upon agreement by the parties. Harbin was served with a copy of the fee application, both individually and through his attorney of record, and did not object to Defendant's fee application. [Doc. No. 669.] The order approving Defendant's fee application was entered on April 5, 2010. [Doc. No. 690.]

///

///

///

HIGGS, FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

961667.1

3

Adversary No. 10-90239-LT
Case No. 02-03303-JH
MOTION TO DISMISS

## III. DISCUSSION

Under Federal Rules of Civil Procedure, Rule 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief may be granted. This rule applies to adversary proceedings in a bankruptcy case pursuant to Fed. R. Bankr. P. 7012(b). Under Fed. R. Civ. P. 8, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." However, a plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009).

Under *Twombly*, the Court must follow a two-pronged approach. First, the court must accept well-pleaded factual allegations as true, but "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 129 S. Ct. at 1949. Neither must the Court "accept as true a legal conclusion couched as a factual allegation." *Id.* Second, the Court must determine whether the allegations in the complaint "plausibly give rise to an entitlement to relief." *Id.* at 1950. There is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.*

Although it is not necessary at the pleading stage to "plead evidentiary detail," facts must be alleged sufficiently to apprise the defendant of the complaint against him, and a claim that is "merely repetitive of the statutory language ... fails to state a cause of action." *Kubick v. FDIC (In re Kubick)*, 171 B.R. 658, 660 (B.A.P. 9th Cir. 1994). Simply quoting the statutory language is not sufficient to survive a motion to dismiss. *Id.*

A.  **Debtor Lacks Standing.**

In his amended Schedule B, Harbin admitted that the claims asserted in the complaint are property of the bankruptcy estate. The Ninth Circuit has held that no party, other than the Trustee, has standing to bring claims on behalf of the bankruptcy estate. *Spirtos v. Superior Court (Estate of Spirtos)*, 443 F.3d 1172, 1176 (9th Cir. 2006). A debtor, such as Harbin, who is not in possession of the estate, has no standing to sue. The case was converted to a case under

Higgs, Fletcher & Mack LLP
Attorneys At Law
San Diego

961667.1

4

Adversary No. 10-90239-LT
Case No. 02-03303-JH
*MOTION TO DISMISS*

1   Chapter 7 on October 29, 2008. Harbin filed the complaint on October 20, 2009. Richard
2   Kipperman is the Chapter 7 Trustee. The complaint pleads no authority to file such a complaint
3   on behalf of the estate, and for this reason alone, the entire complaint must be dismissed.

4   **B.    The Claims are Barred by *Res Judicata*.**

5   On February 8, 2010, Defendants filed their Second and Final Application for Approval of
6   Fees and Costs (the "Fee Application"). The Fee Application was served on Harbin individually
7   and through his attorney of record. Harbin did not file any written objection to Defendants' Fee
8   Application, and the Court entered its order approving the Application on April 5, 2010. The
9   order is final. An approved fee application bars a future malpractice action by operation of *res*
10  *judicata.*

11  At least four circuit courts of appeal have held specifically that orders approving fee
12  applications bar future malpractice claims based upon the same operative facts. In *Osherow v.*
13  *Ernst & Young, LLP (In re Interlogic Trace, Inc.)*, 200 F.3d 382 (5th Cir. 2000), the court held
14  that an approved fee application for a bankruptcy professional barred a future claim for
15  malpractice against the same professional, because it considered the same transactions as those
16  considered in the fee application- the provision of professional services to the debtor. In *Capitol*
17  *Hill Group v. Pilsbury, Winthrop, Shaw Pittman, LLC*, 569 F.3d 485 (D.C. Cir. 2009), the court
18  similarly found that a malpractice case was barred by *res judicata* where claims alleged in the
19  malpractice action arose from the same nucleus of facts as those considered by the bankruptcy
20  court with regard to the fee application. See also *Grauz v. Englander*, 321 F.3d 467 (4th Cir.
21  2003)(Final fee order bars subsequent malpractice action where debtor knew or should have
22  known debtor knew they had a claim against lawyer); *Iannochino v. Rodolakis (In re*
23  *Iannochino)*, 242 F.3d 36 (1st Cir. 2001)(same).

24  Most recently, the Bankruptcy Court for the Southern District of Florida determined that a
25  *pre-petition* preference claim against a bankruptcy professional was barred by the doctrine of *res*
26  *judicata*, where a final fee application had considered the provision of, and amounts paid for, pre-
27  petition services in its consideration of the fee application for that professional. *Welt v. Raymond*
28  *James & Associates (In re All American Semiconductor, Inc.)*, 2010 WL 1544417 (Bankr. S.D.

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

961667.1                                         5                         Adversary No. 10-90239-LT
                                                                           Case No. 02-03303-JH
                                                                           MOTION TO DISMISS

1  Fla. 2010).

2      The Ninth Circuit has determined that claim preclusion in California focuses on three questions: (1) was the previous adjudication on the merits, (2) was it final, and (3) does the current dispute involve the same 'claim' or 'cause of action'?" *Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 808 (9th Cir. 2007)(*internal citations omitted*). Here, there has clearly been a final adjudication in the form of the fee order approving the fee application, which covered all of the services provided to Harbin as debtor-in-possession.

    As with the other circuits, the Ninth Circuit has determined that the current dispute involves the same claim or cause of action where the issue could have been raised in the prior proceeding. "Res judicata [claim preclusion] prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Id*, quoting *State Bd. of Equalization v. Superior Court*, 39 Cal.3d 633, 641, (1985). This tracks with the law of the other circuits, where the courts have determined that a claim is barred by *res judicata* where it could have been asserted in the prior proceeding.

    The complaint should therefore be dismissed *with prejudice* under Rule 12(b)(6), on grounds that it is barred under the grounds of *res juducata* by a prior order of this Court approving the Defendants' Fee Application.

**C.    The Complaint Fails to State a Claim.**

    Finally, the Complaint should be dismissed because it fails to articulate any fact comprising negligence by any Defendant. As the Supreme Court held in *Ashcroft*, supra, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 129 S. Ct. at 1949. The Ninth Circuit BAP has previously held that a claim that is "merely repetitive of the statutory language … fails to state a cause of action." *Kubick v. FDIC (In re Kubick)*, 171 B.R. 658, 660 (B.A.P. 9th Cir. 1994).

///

///

///

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

961667.1

6

Adversary No. 10-90239-LT
Case No. 02-03303-JH
*MOTION TO DISMISS*

1  Here, Harbin alleges that during 2002, apparently prior to conversion of the case, the
2  Defendants assured him that there would never be any risk to his ownership of his home.[3] Harbin
3  then alleges that Sherman prevailed in both his state court litigation and in the appeal of the order
4  confirming the plan, causing Plaintiff to convert his case to Chapter 7. The Complaint then states,
5  in entirely conclusory language, that "as a result of Defendant's (sic) failure to exercise
6  reasonable care, skill, and diligence in their performance of legal services, Plaintiff suffered
7  damages…" The Complaint fails to allege a single fact asserting that any Defendant actually did
8  anything in violation of a duty or standard of care that caused damage to Harbin or to the estate.
9  As such, pursuant to Rule 12(b)(6), the complaint should be dismissed for failure to state a
10 claim for which relief can be granted.

DATED: May 18, 2010

HIGGS, FLETCHER & MACK LLP

By: _____
PAUL J. LEEDS
Attorneys for Defendants,
JOHN MORRELL, PAUL LEEDS, and
HIGGS, FLETCHER & MACK, LLP

---

[3] While for the purpose of a motion under 12(b)(6), only, the Court must accept the facts pleaded in the complaint as true, Defendants dispute that any such representations were made.

HIGGS, FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

961667.1

7

Adversary No. 10-90239-LT
Case No. 02-03303-JH
MOTION TO DISMISS